UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO FUENTES-GONZALEZ,<br><br>                    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | Civil No. 05-CV-0258-L<br>Criminal No. 03-CR-1860-L<br><br>**ORDER DISMISSING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE and GRANTING A CERTIFICATE OF APPEALABILITY** |

On February 7, 2005, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Respondent has filed a motion to dismiss Petitioner's motion together with a response and opposition thereto; Petitioner has submitted a traverse. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, will dismiss Petitioner's motion.

## BACKGROUND

Petitioner Alfonso Fuentes-Gonzalez was charged in two counts of a four-count indictment with conspiracy to distribute methamphetamine (Count 1) and possession of methamphetamine with intent to distribute (Count 3). On December 1, 2003, Petitioner entered a plea agreement and pled guilty to Count 3 of the indictment which alleged that Petitioner possessed with intent to distribute 50 grams and more of methamphetamine. Under the terms of the plea agreement, Petitioner agreed to waive the right to appeal or to collaterally attack the

plea, conviction, or sentence, unless the Court imposed a sentence in excess of the high end of the guideline range based on an adjusted offense level of 33. The plea agreement provided that the parties would jointly recommend a base offense level of 36 and a 3-level downward adjustment for acceptance of responsibility. Under the terms of the agreement, Petitioner was permitted to seek additional departures, which the Government was free to oppose. In addition, the Government agreed to recommend a sentence at the low end of the guideline range found by the Court, unless the Court adopted an offense level or downward adjustment or departure below the Government's recommendation.

Petitioner was sentenced by Judge Judith N. Keep on March 1, 2004. Judge Keep followed the recommendations of the parties and found a base offense level of 36 and applied a 3-level adjustment for acceptance of responsibility. In addition, Judge Keep applied a 2-level downward adjustment for safety valve, resulting in an adjusted offense level of 31 and a guideline sentencing range of 108 to 135 months. Petitioner was sentenced to a term of imprisonment at the low end of the range, 108 months.

## ANALYSIS

Petitioner contends that he was deprived of constitutionally effective assistance of counsel at sentencing as a result of his attorney's failure to adequately pursue a downward adjustment for mitigating role pursuant to United States Sentencing Guideline ("USSG") § 3B1.2. Such an adjustment would have resulted not only in a 2 to 4 level decrease under the provisions of § 3B1.2, but would have also lowered the maximum base offense level from 36 to 30 under USSG § 2D1.1(a)(3).[1]

Petitioner specifies several aspects of his attorney's performance which Petitioner contends was deficient: his attorney's failure to attend or advise Petitioner as to the presentence interview; his failure to review the presentence report ("PSR") with Petitioner; his failure to file any sentencing documents; and his failure to ask for a 2-level minor role adjustment at

---

[1] At the time of Petitioner's sentencing in 2004, USSG § 2D1.1(a)(3) provided for a maximum base offense level of 30 if the defendant received an adjustment under § 3B1.2 (Mitigating Role).

sentencing. All of Petitioner's claims of ineffective assistance of counsel, however, arise after Petitioner entered the plea agreement, which contains a waiver of collateral attack. Section X of the plea agreement provides:

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes in excess of the high end of the guideline range based on an adjusted offense level of 33.

(Plea Agreement at 6:20-23 [Doc. No. 40]).

A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence under § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Thus, if Petitioner's plea agreement waiver is valid, this Court lacks jurisdiction to consider his collateral challenge to his sentence. *See Washington v. Lampert*, 422 F.3d. 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's waiver of the right to file a federal habeas petition under 28 U.S.C. § 2254 was valid, district court lacked jurisdiction to hear the case). The sole test of a waiver's validity is whether it was made knowingly and voluntarily. *United States v. Anglin*, 215 F.3d 1064, 1068 (9th Cir. 1068).

The Court has independently reviewed the record which indicates that the plea agreement, including the waiver of the right to appeal and collateral attack, was entered knowingly and voluntarily. It is undisputed that the plea agreement contains a waiver of collateral attack. The plea agreement also contains a provision certifying that Petitioner read the agreement, discussed it with his attorney, and fully understood its meaning and effect. (Plea Agreement at 7:18-21.) The Plea Agreement is signed by Petitioner and, immediately above his signature, contains language confirming Petitioner's agreement with the "foregoing provisions." *Id.* at 8:13-14. At the plea hearing, in the presence of counsel, Judge Keep carefully summarized the provisions of the plea agreement and noted the maximum possible penalty for the offense as well as the constitutional rights Petitioner was giving up. At all stages of the plea colloquy, Petitioner

indicated an understanding of the provisions of the plea agreement and a willingness to enter the agreement of his own accord.  Although Petitioner was not specifically questioned about the waiver of collateral attack by Judge Keep, he did indicate that he understood that he would not be able to appeal or withdraw his plea if the judge sentenced him to a term of less than the high end of an adjusted offense level 33.  Combined with the express terms of the plea agreement, the Court finds the plea colloquy in this case sufficient to establish that Petitioner's guilty plea, which included a waiver of the right to collaterally attack his conviction and sentence, was entered knowingly and voluntarily.

Because the claims of ineffective assistance of counsel raised by Petitioner concern sentencing and do not challenge the validity of his guilty plea or waiver of the right to collaterally attack his conviction and sentence, his claims are barred and the Court does not have jurisdiction over them.  *See United States v. Racich*, 35 F. Supp. 2d 1206, 1218 (S.D. Cal. 1999) (holding that a plea agreement's waiver provision bars claims of ineffective assistance of counsel that do not implicate the validity of the waiver itself).  Furthermore, even if Petitioner's claims were not barred by waiver, Petitioner has failed to make a showing of prejudice sufficient to substantiate an ineffective assistance of counsel claim.

To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005).  To establish prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.*

Petitioner contends that his counsel's performance was deficient because his attorney failed to effectively pursue a role reduction pursuant to USSG § 3B1.2.  Petitioner argues that several factors weighed in favor of a minor role adjustment:  "i.e. [Petitioner] did not set up the deal; he was not the source of drugs; he was a mere contact point between Codefendants Peralta and Rodriguez; [and the] case agent confirmed that Peralta and Rodriguez were the most

involved in the offense." (Pet'r Mem. P. & A. at 18:15-19.)

As examples of his attorney's alleged deficient performance, Petitioner cites his attorney's failure to attend or advise Petitioner as to the presentence interview; his failure to review the presentence report ("PSR") with Petitioner; his failure to file any sentencing documents; and his failure to ask for a 2-level, as opposed to a 3-level, mitigating role adjustment at sentencing. However, even assuming that counsel's performance was deficient in any of these respects, the second prong of the *Strickland* analysis cannot be met because the record clearly reflects that Judge Keep considered the application of USSG § 3B1.2 at the time of sentencing and made an informed decision not to award a reduction for Petitioner's role in the offense.

At the sentencing hearing, defense counsel argued extensively for a role reduction, raising all of the factors Petitioner claims were not brought to the Judge's attention prior to sentencing. Defense counsel argued that Petitioner did not set up the drug deal and was merely taking phone calls relaying information between other participants. (Pet'r Mem. P. & A., Ex. A, pp. 4-5.) Defense counsel noted that Petitioner did not own the drugs, did not own the car used to transport the drugs, and did not deliver the drugs. *Id.* at 6-7. Defense counsel also noted that Codefendants Peralta and Rodriguez were acknowledged to have played greater roles than Petitioner. *Id.* at 5-6. Furthermore, contrary to Petitioner's assertion, Defense counsel did argue for a minimum 2-point minor role reduction and did not confine his request to a 3-level minimal participant reduction. *Id.* at 6 ("And I think that there's an argument that [Petitioner] is as much a minimal participant as [Codefendant] Velarde was and, at the very least, at least a minor participant.")

In addition, the Court has reviewed the PSR prepared in this case, which contains a description of offense conduct that does not substantially vary from the events Petitioner contends Judge Keep was not adequately apprised of due to his attorney's failures. The PSR reflects that the drug deal was set up by Codefendant Peralta, and includes the case agent's opinion that Peralta was the most involved in the offense as he brokered the deal. (PSR at 7.) The PSR also includes the case agent's acknowledgment that Codefendant Rodriguez owned the

methamphetamine involved in the offense. *Id.* at 8.  In addition, the PSR reflects that Petitioner was the contact between Codefendants Peralta and Rodriguez in that cellular phone communications were repeated between the parties throughout the date of the offense. *Id.*

Thus, all of the salient factors supporting a minor role adjustment cited by Petitioner in his § 2255 motion were actually presented to Judge Keep and urged by defense counsel before she declined to apply a role adjustment in this case.  Therefore, the Court cannot find any reasonable probability that the result of the sentencing would have been any different in the absence of defense counsel's alleged errors.

## CONCLUSION

Having carefully considered Petitioner's claims in view of the case files and records, the Court finds the record sufficiently developed to conclusively show that Petitioner is entitled to no relief.  The Court finds that Petitioner has waived his right to collaterally challenge his conviction and sentence in this matter.  In addition, the Court finds that Petitioner has not satisfied the prejudice prong of the *Strickland* ineffective assistance of counsel analysis. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED**.  To the extent that Petitioner's claims are not barred by waiver, his motion is **DENIED**.  The Court **GRANTS** Petitioner a certificate of appealability as to all issues raised.

**IT IS SO ORDERED**.

DATED: May 9, 2007

_____
M. James Lorenz
United States District Court Judge